UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

        -against-

VERSA CRET CONTRACTING COMPANY, INC.,
ORLANDO MARTINS, Individually and as Officer,
and CECILIA MARTINS, Individually and as Officer,

                Defendants.
-------------------------------------------------------------X

**ORDER**

21-CV-5697 (JMA)(JMW)

**A P P E A R A N C E S:**

**Hollis Virginia Pfitsch, Esq.**
**Rosemary Almonte, Esq.**
U.S. Department of Labor
Employment Law Unit
201 Varick Street, Room 983
New York, NY 10014
*For Plaintiff*

**Saul D. Zabell, Esq.**
**Diana Marie McManus, Esq.**
Zabell & Collotta, PC
One Corporate Drive, Suite 103
Bohemia, NY 11716
*For Defendants*

**WICKS,** Magistrate Judge:

      The present dispute between the parties concerns an inadvertent disclosure of claimed privileged "documents" in an Electronically Stored Information ("ESI") production made by Plaintiff. These "documents" are in the form of automatically generated bookmarks that resulted from the creation of the ESI for production from an Adobe program. The information on the bookmarks was redacted in the underlying documents, but unfortunately for Plaintiff, was not when the bookmarks were created. Defendants challenge the assertion of privilege over these

1

bookmarks. Needless to say, the mandated meet and confer hardened, rather than resolved, the parties' respective positions.

Plaintiff, Secretary of Labor, commenced this action pursuant to the Fair Labor Standards Act, to restrain Defendants from obstructing the Secretary's investigation of violations of the Act and retaliating against cooperating employees, and to recover back wages and liquidated damages. (DE 1.) Discovery is in its nascent stage and the subject dispute revolves around an inadvertent disclosure of material that Plaintiff claims is privileged which Defendants refuse to return and destroy. Plaintiff requests that the Court issue a protective order directing Defendants to return/destroy the inadvertently disclosed (and purportedly privileged) material (DE 20; DE 24). The parties appeared for oral argument on July 15, 2022 (DE 25). The Court reserved decision[1] and the parties were directed to produce the subject document production to the Court for an *in camera* review. Based on the fully submitted motion papers (DE 20; DE 21; DE 23; DE 24), the parties' arguments at oral argument, and the Court's *in camera* review, Plaintiff's motion is GRANTED as follows.

## I.     BACKGROUND

Plaintiff filed the subject motion for a protective order as a result of inadvertently disclosing allegedly privileged information in a discovery document disclosure to Defendants on May 2, 2022. (DE 20 at 1.) Plaintiff's counsel learned of the issue on June 15, 2022, and on June 16, 2022, sent a letter notifying Defendants. (*Id.*) Defendants sequestered the purportedly privileged information as required pursuant to Rule 26(b)(5)(B), but thereafter refused to

---

[1] In regard to Defendants' contentions that the privilege log and supplemental privilege log do not comply with Fed. R. Civ. P. 26(b)(5)(A), the Court directed the parties to confer regarding a revised privilege log as discussed on the record. (DE 25.) Nothing further has been submitted by the parties on that issue.

return/destroy the discovery, claiming none of the material produced is privileged or otherwise protected from disclosure. (*Id.*; DE 21 at 1.)

The subject material consists of electronic bookmarks generated that show the titles of documents compiled in an Adobe program. (DE 20, n.1.) According to Plaintiff, the titles of the bookmarks contain informants' names and investigator's opinions, which the Adobe program was supposed to "sanitize" but did not. (*Id.*) The redactions were properly removed from the actual produced documents (over 14,000 pages), but not to the 36 bookmarks that contain information Plaintiff claims to be protected by the informants' privilege and the 37 bookmarks that purportedly contain information protected by the attorney-client and deliberative process privileges. (*Id.*) In sum, the information on the bookmarks was redacted from the underlying "documents" and should not have been carried over to the "bookmarks."

The Court's *in camera* review consisted of documents Bates Stamped VCC012656 – VCC012900. The documents and corresponding bookmarks contain various types of investigative documents, certain portions of which are redacted with "INF," "AC," and/or "DP" (which the Court presumes to mean informant privilege, attorney/client privilege, and deliberative process privilege). The subject privileged bookmark titles are not on the actual face of the documents, but appear on the left-hand pane of the PDF compilation, essentially summarizing what each document consists of. Many of the titles contain a general overview of a corresponding document's subject matter, and there are various titles that contain informants' names which are otherwise redacted on the corresponding documents. Additionally, there are titles that look to be short summaries of what the corresponding documents consist of, including the terms: "explaining," "corroborating," "proves," "potential," and "possible."

3

Plaintiff argues that the subject bookmarks or titles, fall into one or more of the following privilege categories: informants' privilege, deliberative process privilege, and/or attorney-client privilege, and thus, requests the Court to issue a protective order directing that Defendants return or destroy the inadvertently disclosed material. (DE 20; DE 24.) Defendants argue that none of the privileges apply and that Plaintiff fails to establish good cause for the Court to issue a protective order. (DE 21; DE 23.)

## II.     **STANDARD**

"[A] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c)(1); *see Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016) ("[T]he touchstone for determining whether to issue a protective order under Rule 26(c) lies, in the first instance, on a party's ability to establish good cause."). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Rule does not grant protective orders for strategic purposes, such as to preserve evidence to use for impeachment. *Jimenez v. Target Corp.*, 21-CV-02072 (DRH) (JMW), 2021 U.S. Dist. LEXIS 250403, at *3 (E.D.N.Y. Sep 24, 2021) (denying Defendant's motion for a protective order to delay disclosure of a non-privileged video). The burden is on the party seeking issuance of the order to show "good cause" through "particular and specific facts" as opposed to "conclusory assertions." *Rofail v. United States*, 227 F.R.D. 53, 54-55 (E.D.N.Y. 2005). "If the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Rofail*, 227 F.R.D. at 55.

"Such an order may include a prohibition against the use of privileged information inadvertently produced in discovery." *Fuller v. Interview, Inc.*, No. 07 Civ. 5728(RJS)(DF), 2009 WL 3241542, at *7 (S.D.N.Y. Sep. 30, 2009) (granting a protective order against the use of privileged information inadvertently disclosed and directing documents to be destroyed). A protective order should be granted to protect privileged information when Defendant's right to prepare a defense does not outweigh the need for secrecy. *See id.*; *Sec. of Labor v. Superior Care*, 107 F.R.D. 395, 398 (E.D.N.Y. 1985) (granting a protective order because Defendant had other means to prepare for trial); *Galvin v. Hoblock*, No. 00 CIV. 6058 (DAB) (MHD), 2003 WL 22208370, at *7-8 (S.D.N.Y. Sept. 24, 2003) (granting, in part, a protective order in relation to the privileged documents because Defendant had not shown a compelling need to overcome the privilege).

### III.  DISCUSSION

The Court considers each of the privileges advanced by Plaintiff, which is the party who bears the burden to establish the existence and applicability of the privilege. *See von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 146 (2d Cir. 1987) ("The law is clear in this circuit that a person claiming the attorney-client privilege has the burden of establishing all the essential elements thereof.").

#### A. The Informants' Privilege

"There is no fixed rule with respect to disclosure of an informant's identity . . ." *Carbajal v. Village of Hempstead*, CV-02-4270(ADS)(ETB)., 2003 WL 23138447, at *2 (E.D.N.Y. Dec. 22, 2003). The party seeking the informant's identity bears the burden of establishing the need for such disclosure, and "must establish that the information sought is both relevant and essential to the presentation of his case on the merits, . . . and that the need for

disclosure outweighs the need for secrecy." *Id.* (internal quotation and citation omitted). "Generally, the privilege applies to the informant's identity only and not the substance of the informant's communications, . . ." unless disclosure of the contents is likely to reveal the identity of an informer. *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 60, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957)). Courts have generally refused disclosure in cases arising under the FLSA. *Sec'y. of Lab. v. Superior Care Inc.*, 107 F.R.D. 395, 397 (E.D.N.Y. 1985) (citing Weinstein & M. Berger, 2 *Weinstein's Evidence* ¶ 510[05] at 510-29; C. Wright & A. Miller, *Federal Practice & Procedure: Civil § 2019* n.77). Courts have found that the employee informer's identity is usually unrelated to the proof offered at trial, and that anonymity helps diffuse the fear of retaliation. *Id.*; *See also Dole v. Loc. 1942, Int'l Bd. of Elec. Workers*, *AFL-CIO*, 870 F.2d 368, 372 (7th Cir. 1989) ("[T]he government need not make a threshold showing that . . . retaliation is likely, because of the significant policy consideration behind the privilege, as well as the difficulty of such proof.").

The privilege is not absolute and a defendant's right to prepare a defense can outweigh the privilege when the Secretary seeks to introduce witnesses that the defendant did not have an opportunity to depose. *Superior Care*, 107 F.R.D. 395, 397. Merely showing that the information sought would be of "some assistance to the party," is not enough to meet the burden. *Id.* Disclosure is proper when an informant will testify, however, "the details of how and when that disclosure will occur, and the extent to which it will incorporate the substance of witness statements, are best left to the discretion of the district judge before whom [the] case will be tried." *Herman v. Crescent Pub. Grp., Inc.*, No. 00 Civ. 1665 SAS., 2000 WL 1371311, at *8 (S.D.N.Y. Sep. 21, 2000); *see also Martin v. New York City Transit Auth.*, 148 F.R.D. 56, 65 (E.D.N.Y. 1993). In an FLSA case, the need for secrecy is greater than the need for disclosure

6

when Defendant has other means to prepare for trial. *See Herman*, 2000 WL 1371311, at \*5; *Superior Care*, 107 F.R.D. at 397. Disclosure may be proper where an informant is the only link between the evidence and a Defendant. *Carbajal*, 2003 WL 23138447, at \*3-4; *see also Martin*, 148 F.R.D. at 64 (finding that disclosure was only proper in relation to the twelve informants, which Plaintiff used to support its motion for summary judgment, because Defendant would be deprived of the ability to dispute issues of fact when a motion is premised on an informant's statement).

Plaintiff argues that the informants' names must be protected to avoid the threat of reprisal to well-intentioned citizens and that Defendants have other means for discovery and investigation, such as depositions, interviews, and their own records. (DE 20 at 2.) Defendants argue that Plaintiff is trying to prevent disclosure of more than the informant's names, such as "large portions" of informant statements.[2] (DE 23 at 3-4.)

Here, upon the Court's *in camera* review of the subject discovery, Defendants' argument that Plaintiff is preventing disclosure of "large portions" of informant statements that they are entitled to is inaccurate. The subject bookmark titles do not contain "large portions" of statements. They merely state a line of information and contain a name. Defendants' argument seems to refer to redacted information in the corresponding documents, rather than the subject bookmark titles. Yet tellingly, Defendants claim to have been reviewing the subject discovery disclosures for six weeks, and conceded during oral argument that not once in those six weeks

---

[2] Defendants also try to distinguish between individuals who voluntarily participated in the investigation, and between those which affirmatively complained to the government, but has not cited any case law nor rule to support this contention. (DE 23 at 3.) Privilege applies to those who affirmatively complained to the government, and to those which were solicited by the government, and thus, Defendant's proposed approach is contrary to the purpose of informant privilege. *See Martin v. New York City Transit Auth.*, 148 F.R.D. 56, 65 (E.D.N.Y. 1993) ("[P]rivilege applies whether the DOL solicited statements from an employee or the employee made a complaint to the DOL.").

7

did Defendants dispute that they were entitled to any of the redacted information on the face of the actual documents. Accordingly, at this stage of the case the bookmarks with informants' names are covered under the informant privilege and Defendants have not shown a compelling or legitimate need for the informants' names to be disclosed outweighing the government's interest in protecting their identities. Indeed, Defendants have other means to defend themselves, including access to their own records, and the ability to interview or depose any past or current employee. *See Superior Care*, 107 F.R.D. at 397; *Martin*, 148 F.R.D. at 65 (holding that there was no compelling need for disclosure because Defendant had other means to prepare for trial).

### A. Deliberative Process Privilege

"[T]he deliberative process privilege shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions . . . are formulated." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, ___ U.S. ___, 141 S. Ct. 777, 785 (2021) (internal quotation and citation omitted). "The privilege is rooted in the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Id.* (internal quotation and citation omitted). "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *Id.* (internal quotation omitted); *see also Mermelstein v. United States Dep't of Just., Fed. Bureau of Investigation*, No. 19CV00312 (GRB)(JMW), 2021 WL 3455314, at *8 (E.D.N.Y. Aug. 4, 2021) (finding that deliberative process privilege covers "a number of materials, including 'recommendations . . . and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency,' as well as 'advisory opinions, recommendations and deliberations comprising part of a process by which

governmental decisions and policies are formulated.'") (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999). "The privilege does not, as a general matter, extend to purely factual material." *Hopkins v. U.S. Dep't of Hous. & Urb. Dev.*, 929 F.2d 81, 85 (2d Cir. 1991) (citation omitted). The agency "must provide precise and certain reasons for preserving the confidentiality of the information." *Martin,* 148 F.R.D. at 59. The agency must also "demonstrate why disclosure of the documents would harm the agency." *Mermerlstein*, 2021 WL 3455314, at *9. "Even when the requisite showing has been made, the privilege is a qualified one which may be overcome upon a showing that the adverse party's need for disclosure outweighs the agency's interest in confidentiality." *Herman*, 2000 WL 1371311, at *3.

      Plaintiff asserts that the subject disclosure contains certain notations within the bookmarks that reference an investigator's opinion about the value of the documents as evidence. (DE 24 at 4.) Plaintiff explains that the investigator prepared the case file for a committee, including counsel and supervisors, to review and discuss in advance of a final agency decision. (*Id.*) During oral argument, Plaintiff's counsel compared the bookmark titles to an investigator putting a sticky note on the document describing their impression of the documents therein. Defendants argue that the titles are not pre-decisional or deliberative because the titles provide descriptions of documents or "roadmaps." (DE 23 at 3.) Defendants further argue that the titles appear to be final determinations made by the investigator, or more akin to a table of contents which is factual in nature and not deliberative. (*Id.*) However, at the same time, Defendants concede that some of the bookmarks contain the investigators' notes such as "proves," "continuing violation," and "corroborates." (*Id.*)

9

Here, the Court's *in camera* review was particularly helpful, as the Court finds that Plaintiff's counsel's "sticky note" comparison is spot on. The titles that contain the terms: "explaining," "corroborating," "proves," "potential," and "possible," fall within the deliberative process privilege as the notes are clearly subjective, as opposed to factual, and relate to opinions about the ongoing investigations. *See Sierra Club, Inc.*, 141 S. Ct. at 785 ("Documents are predecisional if they were generated before the agency's final decision . . . and [] are deliberative if they were prepared to help the agency formulate its position."); *Mermelstein*, 2021 WL 3455314, at *8. Nor have Defendants shown that their need for these titles outweighs the government's interest in preserving the confidentiality of this material. *See Herman*, 2000 WL 1371311, at *3. Indeed, at oral argument Defendants made a completely unfounded and new argument, asserting that they do not believe that the titles were created in the manner Plaintiff asserts and assert that they are entitled to an evidentiary hearing on this issue. Based on the Court's review, it is apparent that the titles that contain terms such as, "explaining," "corroborating," "proves," "potential," and "possible," were an investigator's own words and impression about what the investigative material may establish or how the investigative material may contribute to the claims in this case and are thus, protected under the deliberative process privilege. Defendants have not met their burden to show circumstances that warrant an exception to the deliberative process privilege, which as Plaintiff asserts is necessary in order for government officials to communicate candidly among themselves. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (noting the importance for officials to be able to communicate candidly among themselves and that the privilege enhances the quality of agency decisions) (citations omitted).

**B. The Attorney-Client Privilege**

The attorney-client privilege protects confidential communications between a client and counsel made for the predominant purpose of obtaining, or providing, legal advice. *In re Cnty of Erie*, 473 F. 3d 413, 418 (2d Cir. 2007). In addition to individuals and corporations, "government agencies also may rely upon [the privilege]." *Herman*, 2000 WL 1371311, at *1.

As noted above, Plaintiff asserts that the titles were derived from the investigator's notes to counsel regarding his impression of the value of the of the documents as evidence, which were prepared to review and discuss in advance of the final agency decision. (DE 24 at 4-5.) Plaintiff therefore argues that the information is protected under the attorney-client privilege. (*Id.*) Defendants make a vague argument that the titles of the bookmarks cannot be both an attorney-client privilege and simultaneously representative of a purported pre-decisional deliberation of any agency employee. (DE 23 at 3.)

As noted above, some of the titles contain a broader overview of what the corresponding documents contain – not informants' identities or words such as "explaining," "corroborating," "proves," "potential," and "possible." The broader titles, although not protected under the deliberative process privilege, are protected under the attorney-client privilege because they were generated from the investigator's notes, which were ultimately communications to counsel about the contents of the material. Likewise, the "titles" containing informants' names and words such as "explaining," "corroborating," "proves," "potential," and "possible," are covered under the attorney-client privilege (in addition to the deliberative process privilege).[3] *See Herman*, 2000

---

[3] As Plaintiff notes, Defendants do not argue that the inadvertent disclosure was a waiver of the privilege. (DE 24 at 4 n.5.) While consideration of whether material is protected under the attorney-client privilege entails whether the information was maintained as confidential, inadvertent disclosure such as that here, does not constitute a waiver. *See Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*, No. CV-06-1446, 2007 WL 2667992, at *6 (E.D.N.Y. Sep. 6, 2007) (noting that where large numbers of documents are produced, "there is more likely to be an inadvertent disclosure as opposed to a knowing waiver of privilege"); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96CIV.7590(DAB)(JCF), 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997) (finding that "if the disclosure is inadvertent, the privilege will

11

WL 1371311, at *3-4 (finding that a memorandum between a government client to a government attorney that summarized and analyzed relevant facts so that counsel could consider whether a civil suit regarding retaliation was warranted, was protected by the attorney-client privilege).

### C. Protective Order

Here, in light of the Court's findings as noted above regarding each of the asserted privileges, Plaintiff has established good cause for the issuance of a protective order directing Defendants to return and/or destroy the inadvertently disclosed material, i.e., the bookmark titles. *See Chartwell Therapeutics Licensing, LLC v. Citron Pharma, LLC*, 16-CV-3181 (MKB) (CLP), 2018 U.S. Dist. LEXIS 222307, at *20-21 (E.D.N.Y. Dec. 18, 2018) (affirming magistrate's decision that Court may order party to destroy or return document that should have been withheld on the basis of privilege and work product, in compliance with Rule 26(b)(5)(B)); *Fuller*, 2009 WL 3241542, at *3 (finding that a protective order prohibiting use of privileged emails that were inadvertently produced in discovery was appropriate). Accordingly, Defendants are directed to return the inadvertently disclosed material and/or destroy any copies of the inadvertently disclosed material, whether those copies may exist electronically or physically (*i.e.*, printed copies, a thumb drive, PDF's, attachments to emails, etc.) within five (5) days of the date of this Order, filing a declaration that such has been done.

### IV. CONCLUSION

---

not be waived unless the producing party's conduct was so careless as to suggest that it was not concerned with the protection of the asserted privilege.") (internal quotation marks and citations omitted).

Moreover, Defendants do not raise an argument that Plaintiff failed to timely take reasonable steps to rectify the issue, but the Court nevertheless finds that Plaintiff did act timely. *See Fuller v. Interview, Inc.*, No. 07 Civ. 5728(RJS)(DF), 2009 WL 3241542, at *5 (S.D.N.Y. Sept. 30, 2009) (holding that "the relevant time frame runs not from the time the inadvertent disclosure is made, but rather from the time it is discovered" and finding that counsel learned about inadvertently disclosed documents on April 13, 2008 and notified counsel on April 16, 2008, which did not constitute unreasonable delay despite the initial disclosure taking place on October 24, 2007).

  For the reasons stated above, the Court finds that the bookmark titles containing informant names are protected under the informants' privilege; the bookmark titles containing words including "explaining," "corroborating," "proves," "potential," and "possible," are protected under the deliberative process privilege and the attorney-client privilege; and, the remaining bookmark titles containing summaries of the investigators' notes as to what the corresponding documents contain are protected under the attorney-client privilege. The Court further finds that a protective order is warranted, and that the bookmark titles inadvertently disclosed shall be destroyed/returned as noted above, and that Defendants are hereby prohibited from using the titles.

  Additionally, the parties are hereby directed to comply with the Scheduling Order, separately filed at DE 27.

Dated: Central Islip, New York      **SO ORDERED:**
   July 28, 2022

               /S/ *James M. Wicks*
                 JAMES M. WICKS
               United States Magistrate Judge