FILED
CLERK

November 16, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

                       Plaintiff,

        -against-

VERSA CRET CONTRACTING COMPANY, INC.,
ORLANDO MARTINS, Individually
and as Officer, and CECILIA MARTINS,
Individually and as Officer,

                      Defendants.
-------------------------------------------------------------X

**ORDER**

21-CV-5697 (JMA)(JMW)

**A P P E A R A N C E S:**

Jeffrey S. Rogoff, Esq., *Regional Solicitor*
Jordan Laris Cohen, Esq.
Hollis Virginia Pfitsch, Esq.
**U.S. Department of Labor**
201 Varick Street, Room 983 New York, NY 10014
*Counsel for Plaintiff*

Saul D. Zabell, Esq.
Diana Marie McManus, Esq.
**Zabell & Collotta, PC**
One Corporate Drive, Suite 103
Bohemia, NY 11716
*Counsel for Defendants*

**WICKS,** Magistrate Judge:

      Defendants neither contemplated nor addressed at the Initial Rule 26 scheduling conference that they would later seek thrice the number of presumptive depositions allowed under the Federal Rules of Civil Procedure.  They now seek to take thirty-one.  *Are the additional proposed depositions in this wage and hour case appropriate, proportionate to the*

1

*needs of this case, and justified?* Since the parties were unable to resolve this issue among themselves, Defendants now seek an order permitting them to take all thirty-one. (DE 37.) Plaintiff opposes. (DE 38).

## BACKGROUND

Plaintiff, Secretary of Labor, commenced this action pursuant to sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Defendants claiming violations of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA. Plaintiff seeks recovery of back wages, liquidated damages, and injunctive relief to enjoin Defendants from obstructing the Secretary's investigation into violations of the Act and retaliating against cooperating employees. (DE 1.) Defendants, in turn, deny all material allegations of the complaint, asserting a panoply of affirmative defenses—fourteen to be sure. (DE 10.)

The parties have locked horns on discovery issues throughout the history of this case. (*See, e.g.*, DE 20, 23, 25, 26, 28, 30, 31, 32, 34, 35, 36; Electronic Orders dated 06/30/2022, 10/31/2022.) This latest skirmish comes at the tail end of discovery: the end-date for depositions is currently November 24, 2022. (DE 27.) In an October 28, 2022, filing by Plaintiff, the November 24 date to complete all depositions, was acknowledged, and the parties appeared to be at least attempting to work out a deposition schedule. (DE 32.) At that time, Defendants apparently advised Plaintiff of their intention to take "15" depositions. (*See id.*) In less than two weeks, however, that number inexplicably swelled to thirty-one. (DE 37.) To date, no depositions have been taken.

It is against this backdrop that the Court considers Defendants' motion to enlarge the ten-deposition limit to thirty-one.

## DISCUSSION

We start with the rules. The outer limit of the number of depositions is clear by rule: each party may conduct up to *ten* depositions without leave of the court. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Parties cooperating with each other in discovery, however, may alter this limit. That is, the parties may agree among themselves to go beyond that prescribed limit. But that is not the case at hand. So, "[a]bsent an agreement among the parties, a party must obtain leave of the court before taking any additional depositions" beyond ten. *Raba v. Suozzi*, No. cv-061109 (DRH) (AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006) (citing Fed. R. Civ. P. 30(a)(2)(A)); *see also In re Actos Antitrust Litig.*, No. 113-cv-09244 (RA) (SDA), 2022 WL 16722235, at *1 (S.D.N.Y. Nov. 5, 2022) ("The number of depositions also may be expanded by joint stipulation."). "The purpose of Rule 30(a)(2)(A) is to enable courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of [w]ide-ranging discovery." *Walters v. T&D Towing Corp.*, No. cv 17-0681 (AKT), 2020 WL 7024350, at *1 (E.D.N.Y. Nov. 27, 2020) (quoting *Sigala v. Spikouris*, No. 00-cv-0983, 2002 WL 721078 at *3 (E.D.N.Y. Mar. 7, 2002) (internal quotation marks and citation omitted)). The rule was "enacted to control discovery costs and prevent harassment or undue delay." *Gross v. Bare Escentuals, Inc.*, No. 03-civ-3089 (RLC), 2006 WL 3161386, *1 (S.D.N.Y. Oct. 30, 2006). The number of depositions, like use of all discovery devices, is of course to be considered through the lens of proportionality.

Before seeking permission to take additional depositions beyond the ten, courts have generally insisted that the movant exhaust the allowable ten first. *In re Actos Antitrust Litig.*, 2022 WL 16722235, at *2 (noting that leave is generally not granted "to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right . . . or the number stipulated"). This is true not only in this Circuit. *See, e.g., Jones-Walton v. Villas at*

3

*Lake Eve Condo. Ass'n, Inc.,* No. 6:15-CV-995-ORL-22TBS, 2016 WL 6071736, at *2-3 (M.D. Fla. Oct. 17, 2016) (denying motion to expand depositions as premature). That did not happen here. Indeed, no depositions have been taken, notwithstanding the cut-off is next week. For that reason alone, the motion to enlarge is denied. But there is more.

The parties are in harmony on a single issue on this current motion: the applicable factors for the court to consider (*compare* DE 37 at 1, *with* DE 38 at 1), and that's because Rule 26(b)(2)(C) expressly sets forth the factors that the court may consider when a party seeks to exceed the ten-deposition limit implemented by Rule 30(a)(2)(A). *In re Actos Antitrust Litig.*, 2022 WL 16722235, at *1. Pursuant to Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" when the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

It is the *movant's* burden "to show the need for the additional depositions, but counsel's judgment about how many depositions it needs is entitled to a good deal of deference." *United States v. Town of Oyster Bay*, No. cv-142317 (ADS) (SIL), 2016 WL 11265542, at *1 (E.D.N.Y. May 10, 2016) (internal quotation marks and alterations omitted). However, just because counsel believes a witness "might have discoverable information," does not in and of itself give rise to an unfettered right to depose that person. *Commodity Futures Trading Comm'n v. Commodity Ind. Grp., Inc.*, No. 05 civ. 5741 (HB), 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10,

4

2005); *see also Raba*, 2006 WL 8435603, at *1 ("The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them."). It is within the court's discretion "to allow more than ten depositions if the party who is seeking discovery has shown why it is necessary." *Commodity Ind. Grp., Inc.*, 2005 WL 3030816, at *1. Some courts have required a "particularized need" be shown to justify additional depositions. *See, e.g.*, *Scanlan v. Potter*, No. 05-CV-0291, 2006 WL 1207748, at *1 (D. Vt. May 4, 2006) ("[The] party seeking . . . more depositions must make a particularized showing.").

Here, Defendants have not sustained their burden of identifying a particularized need for the thirty-one depositions—twenty-one above the norm. The only argument advanced is that they want to depose all thirty-one employees in Exhibit A to the Complaint since each such employee is owed back wages and might be called to testify at trial. (DE 37, at 1–2.) If the Court were to accept that reasoning as "particularized need," then such an argument would necessarily apply to each and every FLSA case brought by the Secretary, leading to countless depositions. This also runs counter to the authority relied upon by Plaintiff. *See Acosta v. Southwest Fuel Mgmt., Inc.*, No. 16-cv-4547, 2018 WL 1913772, at *6–7 (C.D. Cal. Mar. 28, 2018) (FLSA case brought by Secretary where court found defendants failed to show "particularized need" to depose 785 employees or even a smaller sample); *cf. Johnson v. Int'l Steel & Counterweights LLC*, No. 20-cv-2584, 2021 WL 5359198, at *6 (N.D. Ohio Nov. 17, 2021) (defendants failed to show "particularized need" in private FLSA case to depose all fifty-one workers).

## CONCLUSION

For the foregoing reasons, Defendants' application to enlarge the number of depositions from ten to thirty-one is denied. The end-date for all fact depositions is hereby extended to and including January 31, 2023. The parties are directed to file a joint status letter on or before January 31, 2023, with proposed dates for the balance of the case. A Status Conference will be held through Zoom on February 6, 2023, at 4:00 p.m.

Dated: Central Islip, New York
       November 16, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge