FILED
CLERK
May 18, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARTIN WALSH, Secretary of Labor,
United States Department of Labor,

                        Plaintiff,

     -against-

VERSA CRET CONTRACTING COMPANY, INC.,
ORLANDO MARTINS, Individually and as Officer,
and CECILIA MARTINS, Individually and as Officer,

       Defendants.
-------------------------------------------------------------------X

**ORDER**

21-CV-05697 (JMA) (JMW)

**A P P E A R A N C E S:**

Hollis Virginia Pfitsch, Esq.
Jordan Laris Cohen, Esq.
**U.S. Department of Labor**
Employment Law Unit
201 Varick Street, Room 983
New York, NY 10014
*Attorneys for Plaintiff*

Saul D. Zabell, Esq.
Diana Marie McManus, Esq.
**Zabell & Collotta, PC**
One Corporate Drive, Ste 103
Bohemia, NY 11716
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

    Plaintiff, Martin Walsh, Secretary of Labor, United States Department of Labor, initially commenced this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 217, 29 U.S.C. §201, *et seq*. ("FLSA") to recover back wages and liquidated damages and to enjoin acts and practices that violate the FLSA. (DE 1.) Plaintiff now seeks to

amend the Complaint based on additional information that was obtained through an investigation that took place from October through November of 2022 regarding Defendants' alleged retaliation against cooperating employees and obstruction of this litigation. (DE 48 at 3.)

For the reasons stated herein, Plaintiff's motion for leave to amend (DE 48) is GRANTED.[1]

## I. RELEVANT BACKGROUND

Plaintiff filed a Complaint against Defendant on October 12, 2021. (DE 1.) An initial conference was held on February 23, 2022, and a Scheduling Order was entered setting the deadline for motions to join new parties or amend the pleadings to on or before May 3, 2022. (DE 15.) The parties thereafter engaged in document discovery, which involved a dispute concerning privileges. (*See* DE 26.) Following this dispute, a new Scheduling Order was issued on July 28, 2022, extending the deadline to join new parties or amend the pleadings to on or before September 28, 2022. (DE 27.) On August 24, 2022, Plaintiff requested an extension to various deadlines, namely, for service of document discovery and motions to amend deadlines. (DE 29.) Those requests were granted, and as a result, document discovery was set to be completed by September 30, 2022, and motions to join new parties or amend the pleadings were to be made by October 14, 2022. (Electronic Order dated Aug. 25, 2022). The undersigned noted that this was the final extension. (*Id.*).

---

[1] "A magistrate judge's grant of a motion to amend a complaint is generally considered non-dispositive," *see Tibes v. Hanseatic Moving Servs., LLC*, No. 21-CV-3293 (RPK) (TAM), 2022 WL 1406627, at *2 n.2 (E.D.N.Y. May 2, 2022) (collecting cases), and "the Court of Appeals has more than once described a motion to amend the complaint as non-dispositive." *Di Pilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009) (first citing *Fielding v. Tollaksen,* 510 F.3d 175, 178 (2d Cir. 2007); then citing *Kilcullen v. New York State Dep't of Transp.*, 55 Fed. App'x. 583, 584 (2d Cir. 2003) (summary order)). Accordingly, disposition of this motion is by way of Order, rather than Report and Recommendation.

2

On December 21, 2022 Plaintiff served a copy of the motion papers for the instant motion for leave to amend on Defendants along with a redlined and clean copy of the proposed amended complaint.  (*See* DE 41.)  On January 2, 2023, after conferring with Defendants, Plaintiff filed a letter with a proposed briefing schedule for his anticipated motion for leave to amend the complaint.  (DE 41.)  That request was granted by the Court, with the fully briefed motion set to be filed on or before March 3, 2023.  (Electronic Order dated Jan. 5, 2023.)

Subsequently, additional disputes arose regarding the number and timing of depositions, which resulted in an Order extending the deadline for all fact depositions to on or before February 24, 2023.  (Electronic Order dated Feb. 2, 2023.)  A variety of discovery and other disputes ensued including motions to compel by Defendants and cross-motions for protective orders by Plaintiff, which were all resolved as of the Court's April 5, 2023 Order.  (*See* DE 57.)

On March 3, 2023, Plaintiff filed his motion for leave to amend the complaint seeking to add causes of action for obstruction and retaliation, and that motion is presently before the Court. (DE 48.)  In addition to the previously pled causes of action under the FLSA for violations of sections 7(a) and 15(a)(2) (failure to pay overtime), and sections 11(c) and 15(a)(5) (failure to keep required employment records), Plaintiff's proposed Amended Complaint includes causes of action under the FLSA for violations of (1) sections 11(a) (obstruction of the Secretary's investigation), and (2) section 15(a)(3) (retaliation against employees).  Defendants oppose the instant motion.  (DE 50.)

## II.  LEGAL STANDARD

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), which provides that "[t]he court shall freely give leave when justice so requires."  Generally, "[u]nless there is a showing of bad faith, undue delay, futility or

3

undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commcns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL) 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT) 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019) (internal quotations and citations omitted). The moving party must attach the proposed amended complaint to the motion, like was done here, specifying the new claims and/or parties intended to be added. *See Nabatkhorian v. County of Nassau*, No. 12-CV-1118 (JS) (GRB) 2012 WL 13113646, at *1 (E.D.N.Y. Aug. 9, 2012).

The Second Circuit has clarified the standard to be applied by the District Courts in considering motions for leave to amend dependent upon the timing of the proposed amendment:

> The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought. At the outset of the litigation, a plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission. After that period ends—either upon expiration of a specified period in a scheduling order or upon expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely ... when justice so requires" pursuant to Rule 15(a)(2). This is a "liberal" and "permissive" standard, and the only "grounds on which denial of leave to amend has long been held proper" are upon a showing of "undue delay, bad faith, dilatory motive, [or] futility." The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up [to] a showing of the "good cause" that is required to modify a scheduling order under Rule 16(b)(4).

*Sacerdote v. NYU*, 9 F.4th 95, 115 (2d Cir. 2021).

Plaintiff sought a briefing schedule as to the instant motion after the October 14, 2022 deadline set by the Court, and thus, the motion is governed by Fed. R. Civ. P. Rule 16(b).

4

Motions to modify a schedule may only be modified for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). To establish "good cause" under Rule 16(b), the moving party is required to demonstrate that the scheduling deadline could not have been met despite its diligence. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).

Accordingly, the Court first addresses whether Plaintiff has met the good cause standard under Rule 16(b) and then whether leave to amend is appropriate under Rule 15(a).

### III.  DISCUSSION

#### A. Rule 16: Diligence

Good cause hinges on the diligence of the movant in seeking leave to amend. *See Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000); *Grochowski*, 318 F.3d at 86 ("A finding of good cause depends on the diligence of the moving party."). Such a finding exists when "the party [shows] that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05–CV–3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009) (citing *Rent–A–Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)).

Courts have found good cause lacking when "the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *4 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017). On the other hand, good cause has been found when "the basis for the claim arose several months before the party requested the amendment." *Lema v. Fitizcon Construction/Ren Corp.*, No. 20-CV-2311 (MKB), 2022 WL 1321596, at *4 (E.D.N.Y. May 3, 2022); *see also Bryan v. Commack Union Free Sch. Dist.*, No. 18-CV-7249 (RRM) (PK),

5

2021 WL 633751, at *4 (E.D.N.Y. Feb. 18, 2021) (finding good cause to add additional retaliation claims six months after the deadline because plaintiff learned of the relevant facts after the amendment deadline"); *Estate of Ratcliffe v. Pradera Realty Co.*, No. 05-CV-10272 (JFK), 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007) (finding diligence when plaintiff moved to amend shortly after learning the relevant facts through discovery).

Here, Plaintiff alleges that shortly after learning that Defendant Orlando Martins ("Martins") had taken renewed steps to interfere with and obstruct this litigation, Plaintiff filed the instant motion. (DE 48 at 3.) Plaintiff alleges, *inter alia*, that Defendants directed their staff to ignore the Department's questions or inquiries and to make false statements if they did respond, and falsified records relating to the Plaintiff's claims, which required the employees to sign undated documents about travel time and transportation in an effort to mislead investigators. (DE 48-3 at ¶¶ 120-125.) Plaintiff further alleges that Martins continued to interfere with the litigation process with threats of retaliation, "such as blacklisting and calls to law enforcement, as a consequence for cooperation with the Department." (*Id.* at ¶¶ 122–24.)

Plaintiff also alleges that "Defendants' retaliation and obstruction has continued into the period of this litigation, including through 2022." (*Id*. at ¶ 125.) Plaintiff argues that it is upon learning this information, that he sought leave to amend. Though the deadline to amend was October 14, 2022, Plaintiff's argues that there was an investigation into the above-mentioned allegations that continued through November 2022. (DE 48 at 4.) Defendants argue that Plaintiff's assertion that he sought leave after the deadline due to the investigation has no merit absent a sworn statement to demonstrate "what was learned and the manner in which such allegations were investigated." (DE 49 at 5.) Defendants note that Assistant District Director William Dempsey ("Dempsey") was the person who oversaw the Department's investigation

(*Id.*)  In Dempsey's deposition held on January 19, 2023, he stated that he was unaware of new information and "did not recall seeing any developments in the case of an investigatory nature within the last several weeks, and he could not recall any information regarding retaliatory conduct coming in within the last couple of months."  (DE 49 at 5-6.)  Defendants further note that Plaintiff supports his argument with facts that occurred about a year before the original Complaint was filed and two years prior to amendment.  (DE 49 at 6.)

Plaintiff responds that although Martins began his interfering actions in 2020 through 2021, those actions were not successful.  (DE 50 at 2.)  However, Martins allegedly took renewed efforts in 2022, and the Secretary learned of the alarming extent of this interference through the investigation.  (*Id.*)  With regard to Dempsey's deposition, Plaintiff points out that Defendants "neglected to include" portions of Dempsey's testimony where Dempsey states he was "not in the position to answer the question" or that he was not "actively involved in the case since it was in litigation."  (*Id.*)  Instead, Plaintiff points to the deposition of Wage and Hour Investigator Gene Toledo who testified to speaking with Versa Cret employees in the one to two months prior his deposition.  (*Id*. at 4; DE 50-2.)

###### i.  *The Investigation*

Plaintiff states that after learning of "Defendants' most recent obstruction efforts" in October 2022, the Department began its investigation and completed it in November 2022.  (DE 48 at 4.)  And this new information prompted the instant amendment.  Defendants assert that Plaintiff knew or should have known of the misconduct and could have moved to amend prior to the October deadline. (DE 49 at 6-7.)   Plaintiff argues that the appropriate analysis is not a party's awareness of  "some relevant facts" but rather the correct focus is when a party was able to determine the existence of a current cause of action.  (DE 50 at 2.)

7

It is true that having advance notice of the information necessary to amend counsels against a finding of diligence. *See Parker*, 204 F.3d at 340 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam) ("finding no good cause where party failed to discover necessary information and was on notice in advance of the deadline that her complaint was inadequate"), and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("refusing to find good cause under Rule 16(a) where party received notice long in advance of the deadline that the complaint did not name all necessary parties")). However sometimes the discovery process itself will bring to light new developments in a case, which solidify a cause of action that was not previously available. Take for instance, new information in a deposition. *See, e.g., Permatex, Inc. v. Loctite Corp.*, No. 03-CV-0943, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that plaintiff moved diligently in seeking to amend in less than two months following the newly learned information in the deposition); *see also Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) ("[Plaintiff's] argument that it discovered the facts underlying its new cause of action for breach of the supply agreement followed by filing a motion to amend within two months of acquiring the information is sufficient to show diligence.").

Even if Plaintiff knew of some facts prior to the October 14, 2022 deadline to file the motion to amend, the knowledge of some but not all facts may simply not be enough to bring a claim into court under Rule 11. Given Plaintiff's assertion that the investigation confirmed the alleged extent of the continuing retaliation and obstruction and gave rise to the instant amendments, it appears Plaintiff moved diligently in that respect. *See Enzymotec Ltd.*, 754 F. Supp. 2d at 537 ("Although [Plaintiff] may have suspected prior to filing the Initial Complaint that NBTY breached the February 2006 Agreement or any subsequent renewals of that

8

agreement, causes of action in a complaint must be based on factual allegations, not factual speculation.").

Defendants' assertion that Plaintiff has not provided a declaration to support the way the new information was uncovered does not override that finding. Plaintiff has provided excerpts from two depositions, one from Dempsey and one from Toledo. (DE 50-1; DE 50-2.) Dempsey was asked what steps the Department has taken to investigate Defendants since the litigation started. (DE 50-1 at 4-5.) Dempsey stated he has been CC'd emails about the case, and did not recall seeing anything recently about a development of an investigatory nature . (DE 50-1 at 4-5.) Dempsey also stated that he was not in a position to answer that question, and had not actively partaken in case since the litigation began. (*Id.*) Toledo in his deposition stated that he had spoken to two different employees who worked for the Defendants in the one to two months preceding his January deposition, which is in line with when Plaintiff claims the investigation ended. (DE 50-2 at ¶¶ 23-25.) The Court finds that Toledo's testimony sufficiently corroborates Plaintiff's assertion that an investigation occurred in late 2022.

    ii. *<u>Timing of the Motion</u>*

Courts have allowed leave to amend for much longer periods of time than the approximately two months at issue here. *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (affirming district court's decision to grant leave to amend despite four year delay); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514 (PAC) (HBP), 2010 WL 445192, at *10 (S.D.N.Y. Feb. 8, 2010) (granting motion to amend despite delay of at least six months and noting that "courts frequently grant leave to amend after much longer periods of delay"); *Zomba Recording Corp. v. MP3.com, Inc.*, No. 00-CV-6831 (JSR), 2001 WL 770926, at *1 (S.D.N.Y. July 10, 2001) (granting leave to amend despite extended delay by plaintiffs given the

absence of any material prejudice). Although Plaintiff's motion was filed on March 3, 2023, Plaintiff filed a letter to request leave to amend the Complaint on January 3, 2023. (DE 41.) Plaintiff states this filing was only about two months after the final deadline. (DE 48 at 4.) This further tracks with the investigation ending in November of 2022 and is the relevant timeline for the purpose of assessing Plaintiff's diligence.

### iii. *Judicial Economy*

Additionally, the Court acknowledges that the "policy behind [the rule allowing liberal leave to amend] is that liberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." *Verdone v. Am. Greenfuels, LLC*, No. 3:16-CV-01271 (VAB), 2017 WL 3668596, at *4 (D. Conn. Aug. 24, 2017) (alteration in original) (citing *Kreisler v. P.T.Z. Realty, L.L.C.*, 318 F.R.D. 704, 706 (S.D.N.Y. 2016)). Here, judicial economy is served by amendment. Plaintiff's retaliation and obstruction claims involve alleged meddling with the instant action, and are "most efficiently litigated alongside [Plaintiff's] other claims under [the same] statutes." *Id.* (finding the interest of judicial economy served by litigating plaintiff's retaliation claims along with her other claims under the same statute).

Thus, the Court finds that Plaintiff acted diligently and good cause to amend the Complaint has been satisfied under Rule 16(b). The Court next turns to Rule 15(a)(2) to determine whether the amendment should be allowed.

### B. Rule 15: Leave to Amend when Justice so Requires

The Court finds that leave should be granted under Rule 15(a)(2) as well, which dictates that the Court "should freely give leave to amend when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commcns*

10

*Co. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendants do not argue futility, they instead rest their opposition on bad faith, undue delay, and prejudice. (DE 49 at ¶¶ 10-12.) The Court addresses each in turn.

### i. Bad Faith

Here, Defendants allege that Plaintiff acted in bad faith because he only brought this motion seeking leave to amend when he "ran out of road on his wage and hour claims . . . ." (DE 49-1 at 10.) In addition, Defendants state that they were not made aware of Plaintiff's investigation until two months later in December 2022, which apparently indicates bad faith. (*Id.*) "While not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *5 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017).

However, naked assertions of bad faith are insufficient. First, as the Court already addressed, the minimal delay here is not a barrier to amendment. Plaintiff's investigation began in October 2022 and was completed in November 2022. Plaintiff then notified Defendants of his intention to amend in December. (DE 49 at 3.) This timeline is by no means an indication of bad faith. Second, Defendants allegations of bad faith are not grounded in any facts or circumstances that would ordinarily indicate bad faith, rather they are premised in pure speculation. *Cf. Feuer*, 2017 WL 3841841, at *5 ("As Butt's present decision allegedly to correct his prior repeated

11

misrepresentations is predicated wholly on defeating jurisdiction, it is strategic in nature and exhibits bad faith."). Thus, the Court finds this argument to be without merit.

### ii. *Undue Delay*

Defendants next allege that Plaintiff's delay in seeking this amendment rises to the level of undue delay. As discussed above, Plaintiff served a copy of the proposed amended complaint on Defendants on December 21, 2022 and sought leave to amend shortly thereafter on January 3, 2023. This constitutes minimal delay given Plaintiff only learned of the allegations underlying his proposed amendment as of sometime in November 2022. Indeed, courts have allowed leave to amend for delays ranging from a few months to years. *See Lema*, 2022 WL 1321596, at *4 (collecting cases); *see Nycomed U.S. Inc. v. Glenmark Generics Ltd.,* No. 08-CV-5023 (CBA)(RLM), 2010 WL 1257803, at *11 (E.D.N.Y. Mar. 26, 2010) (same). So, although there was delay, it cannot be concluded that it was "undue."

### iii. *Prejudice*

Finally, Defendants state they would be substantially prejudiced if the Court grants Plaintiff's application. Specifically, any additional claims that are not related to the Defendants' pay practices would require new discovery and delay the instant case. (DE 49-1 at 12.) Courts have denied motions to amend where substantial prejudice is found because of the need for continued discovery. *See Feuer*, 2017 WL 3841841, at *6 (finding substantial prejudice where, *inter alia*, motion to amend answer was made a year after the close of discovery and there was a fully briefed motion for partial summary judgment pending).

First, the Court notes that when Plaintiff initiated his quest to file a motion for leave to amend, the parties had not yet delved into any depositions. For example, Toledo's deposition was held on January 18, 2023, and Dempsey's deposition was held on January 19, 2023. (DE

12

49-2 at 1; DE 50-2 at 1.) These depositions were weeks after Defendants received notice of the proposed amendment and roughly two or so weeks after Plaintiff sent a letter to this Court regarding his anticipated motion. (DE 41.) Additionally, though the deadline for paper discovery had passed when Plaintiff raised his anticipated motion, the parties' discovery disputes resulted in further productions as directed by the Court in the April 5, 2023 Order (DE 57). *Cf. United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 441 (S.D.N.Y. 2021) ("[T]he prejudice calculus changes when the motion to amend *is made following the conclusion of discovery* and the amendment would require the re-opening of discovery."), *objections overruled sub nom*. *United States v. Bon Secours Health Sys., Inc.*, No. 10-CV-9650 (RMB), 2023 WL 1992639 (S.D.N.Y. Feb. 14, 2023).

Second, Defendants allege discovery would need to be re-opened to address the new claims and this would further delay the case. (DE 49 at 12.) However, Defendants have not carried their burden to show prejudice on this point. *See id*. at 441. Defendants make conclusory allegations about the need to re-open discovery and take further discovery but do not provide any details as to the same. *See id*. The Court can infer that some additional discovery may be needed but Defendants have not identified any particular individual that needs to be deposed or whether there are relevant documents in Plaintiff's possession, the nature of those documents, and if non-party discovery is necessary. *See id*. Thus, the amount of anticipated discovery required by Defendants, is a mystery. On the other hand, Plaintiff states that he already completed the necessary depositions and will not need any further discovery regarding the amendments. (DE 50 at 4 n.2.) Plaintiff further states that he has previously produced facts gathered during the investigation related to the new claims, and that Defendants explored the retaliation allegations to at least some extent during depositions. (DE 50 at 5.)

13

"In any case, the need to conduct additional discovery is not, in itself, sufficient to constitute prejudice." *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CIV-1514 (PAC) (HBP), 2010 WL 445192, at *12 (S.D.N.Y. Feb. 8, 2010) (collecting cases.) "'The type of prejudice that warrants denial of leave to amend is usually such that it puts [the opposing party] at an unfair disadvantage,' such as the addition of a new claim on the eve of trial." *Nycomed U.S. Inc.*, 2010 WL 1257803, at *12; (citing *In re Osage Exploration Co.*, 104 F.R.D. 45, 49 (S.D.N.Y.1984)). That is not the situation here. The parties have not ventured far past discovery as is apparent from the Court's March 29, 2023 and April 5, 2023 Orders resolving the parties' discovery disputes and directing the Plaintiff to produce certain paper discovery (DE 57). And no trial date has been set in this matter nor have any dispositive motions been filed. *See Cook v. City of New York*, 243 F. Supp. 3d 332, 356 (E.D.N.Y. 2017) (noting that "no motions for summary judgment or motions to dismiss have been filed and a trial date has not yet been set, events which would indicate that the parties have progressed far beyond the stage of discovery").

Moreover, Plaintiff's newly obtained allegations, if true, could not come as a surprise to Defendants who have had the proposed amended complaint since December 21, 2022, and have taken discovery, to some extent, related to the new allegations. (DE 41.) Thus, granting leave to amend would not cause Defendants substantial prejudice sufficient to deny the amendment nor would it cause any unfair surprise. *See Lema*, 2022 WL 1321596, at *4 (finding that "since the new factual allegations regarding [another defendant] would have been known to the [original] defendants, there is no risk of unfair surprise or undue prejudice."); *see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) ("[W]e will be most hesitant to allow amendment where doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim.").

14

Additionally, the cases Defendants rely on present materially different circumstances than those at play here. In *Liu*, the plaintiff moved to amend in an almost four-year old case, after several amendments, the close of discovery, and 2.5 years after his deadline to amend had expired. *Liu v. Chan*, No. 18-CV-5044 (KAM) (SJB), 2022 WL 2903311, at *7 (E.D.N.Y. July 22, 2022). There, re-opening discovery would have required specified discovery -- "at the very least, re-deposing three Defendants and Plaintiff Liu, and production of additional documents to determine whether Plaintiffs spent more than 25 percent of their working time performing physical labor." *Id*. at *8. In *Morgan Stanley*, the defendant had not "adequately explained" its delay in seeking amendment, the defenses asserted were already available to it long before it sought amendment, and the defendant moved after "extensive discovery . . . including dozens of depositions" by each side. *See E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)

In *Weaver*, following four years of litigation, plaintiff made an untimely motion without "offer[ing] a speck of good cause" to excuse her delay, and the motion was filed weeks after the close of discovery. *Weaver v. Warrington*, No. 14-CV-7097 (ENV) (ST), 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018). The court noted that "courts in this circuit routinely hold that motions to amend are untimely *when filed after* the close of discovery." *Id*. (emphasis added). There, the motion also came while the defendants were preparing their motion for summary judgment, and thus, the court specifically found that "it would be highly prejudicial to require defendants to suffer through further discovery or to rewrite that motion and have resolution exponentially delayed, all without any showing of good cause for delay or even plausibility of any amendment." *Id*. And, finally, in *Feuer*, the court found undue prejudice where, *inter alia*, the defendant moved to amend his answer a year after the close of discovery, the defendant

15

previously refused to turn over discovery relevant to his proposed amendments, and the plaintiff had already filed a motion for partial summary judgment. *See Feuer*, 2017 WL 3841841, at *6.

As apparent, the aforementioned cases are readily distinguishable from the instant action where Plaintiff raised his anticipated motion to amend and sought a briefing schedule a little over a year after the action was filed, only about two months after learning of facts giving rise to the amendments, prior to the commencement of depositions let alone the close of discovery, before any dispositive motion practice, and has presented good cause for his delay in seeking amendment.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is hereby granted. Plaintiff is directed to file the first amended complaint on ECF on or before May 24, 2023, which shall serve as the operative pleading in this matter upon its filing. Defendants' time to respond to otherwise move against the complaint shall be on or before June 7, 2023. A status conference is scheduled for July 17, 2023 at 11:00 AM via Zoom before the undersigned, at which time the Court will set a revised schedule for the balance of the dates in this case. The parties shall submit a joint proposed schedule with proposed revised dates and deadlines for the balance of the case for the Court's consideration at least five business days prior to this conference.

Dated: Central Islip, New York
       May 18, 2023

**S O   O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge